NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2974
_____

DEBORAH PUCHAKJIAN,

Appellant

v.

TOWNSHIP OF WINSLOW


_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:09-cv-01326)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2012

Before:  McKEE, *Chief Judge,* HARDIMAN, *Circuit Judge*
and JONES, II,[*] *District Judge*.

(Opinion Filed:  April 11, 2013)
_____

OPINION OF THE COURT
_____

Jones, II, *District Judge*.

In early 2002, Appellant Deborah Puchakjian was appointed by Appellee

Township of Winslow ("Township") to fill a vacancy as the Township's Municipal Clerk

due to the retirement of the incumbent officeholder.  At that time, Puchakjian was

assigned a significantly lower salary than had been paid to her male predecessor at the

time of his retirement.  Puchakjian appeals the District Court's grant of summary

judgment in favor of the Township on her wage disparity claims under the federal Equal

Pay Act, 29 U.S.C. § 206, *et seq.* ("EPA"), the New Jersey Equal Pay Act, N.J. Stat. Ann.

34:11-56:2 ("NJEPA"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann.

10:5-12(a) ("NJLAD").[1]  For the reasons that follow, we affirm the District Court's

ruling.[2]

I.      BACKGROUND

---

[1] Appellant also asserted a state law claim for violation of a Township ordinance, and a retaliation claim under the NJLAD.  She has waived those claims on appeal.  (*See* Br. of Appellant at 3 n.2.)

[2] The District Court had jurisdiction of the EPA claim pursuant to 28 U.S.C. § 1331, and exercised supplemental jurisdiction over the state law NJEPA and NJLAD claims pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction under 28 U.S.C. § 1291. Our review in the summary judgment context is plenary.  Thus, "we are required to apply the same test that the district court should have utilized initially." *Jackson v. Danberg*, 594 F.3d 210, 215 (3d Cir. 2010) (quotation marks and citation omitted).  Summary judgment is appropriate only when there are no genuine issues of material fact, drawing all justifiable inferences in favor of the non-movant, and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 255 (1986).

We write principally for the benefit of the parties and recite only the essential facts and procedural history. At the time of his retirement after twenty-nine years of service, Puchakjian's predecessor, Ronald C. Nunnenkamp earned a salary of $85,515 for his work as Municipal Clerk.[3] At the time she replaced Nunnenkamp in 2002, Puchakjian received a starting salary of $55,000.[4] The size of Nunnenkamp's final salary was a function of his longevity of service, since he was entitled to yearly salary increases that, under a New Jersey statute, mandated that municipal clerks receive the same increases in salary "given to all other municipal officers and employees."[5]

The Township sought summary judgment on its affirmative defense that the difference in salary paid to Nunnenkamp and Puchakjian was based on a factor other than gender, which is one of the four affirmative defenses available to an employer under the

---

[3] Nunnenkamp had also been separately appointed the Township's part-time Business Manager in 1986, and received an additional salary of $13,435 for this service. (JA 141.) Upon his retirement, the Township severed the Municipal Clerk/part-time Business Administrator's position into separate Municipal Clerk and full-time Township Administrator positions. (JA 97, 156.)

[4] It is undisputed that in 2004 the Township retroactively increased Puchakjian's salary by more than 14.5% to $63,000 because it recognized that a significant gap in compensation existed between "traditional male positions of employment and female positions of employment." (JA 199.) In addition to this increase, Puchakjian has, along with the other Township department heads, received annual increases and she makes no claim that those annual increases have been applied in a discriminatory fashion. (JA 169-70.)

[5] *See* N.J. Stat. Ann. 40A:9-165 (stating that, for salaries fixed or determined by municipal ordinance, "[n]o such ordinance shall reduce the salary of, or deny without good cause an increase in salary given to all other municipal officers and employees to, any tax assessor, chief financial officer, tax collector or municipal clerk during the term for which he shall have been appointed").

EPA.[6] *See* 29 U.S.C. § 206(d)(1) (providing affirmative defenses for disparities based upon: (1) a bona fide seniority system, (2) a merit system, (3) a system which measures earnings by quantity or quality of production, or (4) any factor other than gender). The District Court found that there were no genuine issues of material fact that the difference in compensation was "reflective of [Nunnenkamp's] long tenure as Municipal Clerk" and that the yearly salary increases he received over his twenty-nine year tenure in the position "both explained and motivated the wage disparity." (JA 17-18.) Accordingly, it determined that the wage disparity was based on a factor other than gender. As Puchakjian failed to show that this affirmative defense was a pretext for gender discrimination, the District Court granted summary judgment for the Township on this EPA claim.[7] Summary judgment was also granted for the Township on Puchakjian's

---

[6] The Township also argued that Puchakjian had failed to state a prima facie case under the EPA because it was undisputed that Nunnenkamp's duties were different from her own since he also served as the Township's part-time Business Administrator. The District Court rejected this argument, holding that since the two positions were separately compensated, it could not conclude that the extra tasks Nunnenkamp performed as Business Administrator constituted additional tasks that made his work as Municipal Clerk substantially different from Puchakjian's work as Municipal Clerk. (JA 14.) The District Court went on to conclude that because Nunnenkamp's salary increases were statutorily mandated, his Municipal Clerk salary could not have been a function of his additional responsibilities as Business Adminstrator. Thus, it concluded that Puchakjian had established a prima facie case of unequal pay since the two performed substantially the same work as Municipal Clerk but were differently compensated. (JA 16.) This finding has not been appealed by the Township.

[7] As the Township successfully established it was entitled to summary judgment on its affirmative defense to the EPA claim based on the Nunnenkamp wage disparity, the District Court concluded that the Township was also entitled to summary judgment on Puchakjian's NJLAD claim based upon the wage disparity with Nunnenkamp since a defendant's burden of enunciating a legitimate non-discriminatory reason for a wage

4

EPA claim based upon her wage disparity compared with male department heads. The District Court determined that Puchakjian had failed to make out a prima facie case of unequal pay because she conceded that her job was not substantially equal to her comparators.[8] (JA 19-21.) This appeal followed.

## II. DISCUSSION

The District Court did not err in granting summary judgment on the Township's affirmative defense that the difference in pay between Nunnenkamp's final salary and Puchakjian's adjusted starting salary was based on a factor other than gender. "The Equal Pay Act prohibits differential pay for men and women when performing equal work 'except where such payment *is made pursuant to*' one of the four affirmative defenses [listed in § 206(d)(1)]." *Stanziale v. Jargowsky*, 200 F.3d 101, 108 (3d Cir. 2000) (citation omitted). The EPA contemplates that an employee of one gender with significant years of service may receive a higher wage than an employee of the other gender with fewer years of service. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 204 (1974) (stating the "Act contemplates that a male night worker may receive a higher wage than a female day worker, just as it contemplates that a male employee with 20

---

disparity under NJLAD is lower than its burden of proving the affirmative defense to the EPA claim. (JA 23.)

[8] On this NJLAD claim, the District Court determined alternatively that, even if she could make out a prima facie case based on the claim that the position of Municipal Tax Assessor was similar to Puchakjian's position as Municipal Clerk, she failed to demonstrate a genuine issue of material fact that the wage disparity was based on gender, concluding that the disparity was reflective of the yearly, statutorily mandated raises the Assessor received during his thirty-eight year length of service. (JA 28-30.)

years' seniority can receive a higher wage than a woman with two years' seniority[.] Factors such as these play a role under [two of] the Act's four exceptions — the seniority differential under the specific seniority exception, the shift differential under the catch-all exception for differentials 'based on any other factor other than sex.'"). The record amply supports the District Court's conclusion that there was no genuine issue of material fact that Nunnenkamp's final salary was a result of the yearly, statutorily mandated raises he received during his long tenure in office, and that Puchakjian lacked the same tenure.[9] There was also no error in its conclusion that she failed to meet her burden to come forward with evidence showing that this explanation for the disparity in their salaries was a pretext for discrimination.[10] Accordingly, the District Court did not err in granting summary judgment to the Township on its affirmative defense to the EPA claim based upon the wage disparity between Puchakjian and Nunnenkamp. Having

---

[9] Puchakjian argues that the District Court erred in concluding that the statutorily mandated yearly salary increases satisfied § 206(d)(1)'s definition of a bona fide seniority system. We need not reach this issue since the District Court's alternative finding, that the yearly salary increases Nunnenkamp received over his twenty-nine year tenure in the position "both explained and motivated the wage disparity," clearly qualifies as a factor other than gender.

[10] Puchakjian's argument that District Court misstated the burden of proof and production scheme governing EPA claims lacks merit. The District Court correctly recognized that, once she established her prima facie case of wage disparity, the Township bore the burden of persuasion to demonstrate its affirmative defense that the wage disparity was based on a factor other than gender. *See* JA 11 (stating that once a plaintiff "establishes her prima facie case, '[t]he burden of *persuasion* then shifts to the *employer* to demonstrate the applicability of one of the four affirmative defenses specified in the Act.'" (*quoting Stanziale*, 200 F.3d at 107). The District Court also correctly recognized our admonition that, when compared to the employer's burden of production under Title VII, its burden to prove its affirmative defense under EPA is "heightened." *Id.* (citing *Stanziale*, 200 F.3d at 107-08).

correctly determined that the Township was entitled to summary judgment under the heightened standard applicable to the Township's affirmative defense on the EPA claim, there was also no error in the District Court granting summary judgment to the Township on the NJLAD claim based on the same conduct.

## III.    CONCLUSION

For these reasons, we affirm.